JOSEPH PIN *et al.*, Plaintiffs in Error, *v.* JAMES MORRIS, Defendant in Error.

*Error to Yamhill.*

One in possession of land, claiming under the donation act, cannot be dispossessed, by action at law, before the completion of his four years' residence, when the contest between the parties has been determined in favor of the occupant by the surveyor-general.

PLAINTIFFS claim the land described in the complaint, as heirs of Joseph and Margaret Pin, deceased, under the fourth section of the donation act.

Defendant, among other things, says, in his answer, that he is informed and believes that one Joseph B. Rogers, as guardian of the minor children of said Joseph Pin and Margaret, his alleged wife, claimed to be deceased, filed a notification with the said surveyor-general on the 25th day of March, 1853, claiming said tract of land on behalf of said alleged minor children and others, through alleged residence and cultivation of said land by the said Joseph Pin, senior; and that afterwards, on the 12th day of June, 1855, and on testimony and certain proofs and documents, filed with said surveyor-general, had a hearing and determination by and before said officer, touching the said claim so made, and supported as aforesaid. That this defendant was notified of said claim and hearing, attended thereon, and had his rights to the premises considered by said officer; which said hearing was had, and said premises adjudged in his favor as settler, and against said minor heirs and alleged legal representatives of said Joseph Pin, deceased.

Plaintiffs demur to the portion of the answer above set forth, and say that it constitutes no bar to their right of recovery.

Pin *v.* Morris.

*M. Elliott*, for plaintiffs in error.

*Campbell & Pratt*, for defendant in error.

WILLIAMS, C. J.   Defendant, as the pleadings show, went into possession of the land in dispute in January, 1852, and this action was commenced in August, 1855, so that plaintiffs brought suit before defendant had resided upon and cultivated said land for four consecutive years, as required by the act of 27th September, 1850, under which he holds and claims possession.   When a person in possession of public land, in a controversy with another claimant before the surveyor-general, is adjudged by such officer to be the rightful occupant, we hold that the courts of the territory cannot reverse such decision so as to disturb the possession of the party, in whose favor it was made, until the expiration of his four years' residence.   Congress has organized a land department of the government, whose business it is made to determine those questions which arise out of the disposal of the public lands, and the courts of the country cannot interfere to regulate or control that business, without introducing *uncertainty and confusion* into the whole system.   Take this case as an illustration:  Suppose the courts dispossess defendant, and so prevent his compliance with the donation act, and the land department adheres to its decision against the rights of plaintiffs.  To whom will the patent for the land be issued?  We intimate no opinion as to what the courts of the territory would do in case defendant's residence and cultivation were complete, or he held the patent; but upon the state of facts presented here, we hold the answer to be good, and overrule the demurrer.

Judgment for defendant.